```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  KENNETH GENE MONTGOMERY,
11           Plaintiff,                  No. CIV S-11-3304 GGH P
12      vs.
13  SGT. BROOKS, et al.
14           Defendants.                 ORDER
15  _____/
```

16          Plaintiff is a state prisoner proceeding through counsel with a civil rights action
17  pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on December 12, 2011, and paid the
18  filing fee.
19          Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C.
20  § 1983 and 28 U.S.C. § 1915A(b) against defendants Sergeant Brooks and Correctional Officer
21  Parker.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to
22  prevail on the merits of the action.  The Clerk of the Court will be directed to issue the
23  appropriate number of summonses to plaintiff for purposes of service of process.  See Federal
24  Rule of Civil Procedure 4.
25          Plaintiff shall complete service of process in accordance with Federal Rule of
26  Civil Procedure 4 within sixty days from the date of this order.  Plaintiff shall serve a copy of this

order on each defendant together with a summons and a copy of complaint.

Within 120 days from the date of this order, plaintiff and defendants shall each submit to the court and serve by mail on all other parties the following status report:

1. Whether this matter is ready for trial and, if not, why not;

2. Whether additional discovery is deemed necessary. If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

3. Whether a pretrial motion is contemplated. If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 230(l);

4. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

5. A list of all exhibits to be offered into evidence at the trial of the case;

6. A list of the names and addresses of all witnesses the party intends to call;

7. A summary of the anticipated testimony of any witnesses who are presently incarcerated;

8. The time estimated for trial;

9. Whether either party still requests trial by jury; and

10. Any other matter, not covered above, which the party desires to call to the attention of the court.

In addition, plaintiff shall inform the court in his status report of the date and manner of service of process.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals. An appropriate form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the clerk of this court. Neither the

magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff two (2) summonses, for defendants Sergeant Brooks and Correctional Officer Parker. The Clerk shall also send plaintiff three (3) copies of the form "Consent to Proceed Before United States Magistrate Judge" with this order.

2. Plaintiff shall complete service of process on the defendants within sixty days from the date of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the summons and complaint are served.

3. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

4. Plaintiff's status report shall be filed within ninety days from the date of this order. Defendants' status report shall be filed within thirty days thereafter. The parties are advised that failure to file a status report in accordance with this order may result in the imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

5. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

DATED: February 7, 2012

     /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/rb
mont3304.8feeaty