IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GENE MONTGOMERY,

    Plaintiff,                        No. CIV S-11-3304 GGH P

    vs.

SGT. BROOKS, et al.

    Defendants.                     <u>ORDER</u>

_____/

        Plaintiff was a state prisoner who now proceeds through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed his original complaint on December 12, 2011, and paid the filing fee.

        On February 8, 2012, this court found that plaintiff's original complaint stated a cognizable claim against both defendants and ordered the complaint served. A review of the docket reflects that defendants were served on February 24, 2012. <u>See</u> Doc. Nos. 13, 14.

        In his original complaint, plaintiff alleged that defendants Brooks and Parker, two correctional officers at High Desert State Prison, violated plaintiff's Eighth Amendment rights when the officer-defendants used excessive force on plaintiff, and failed to provide him with

---

[1] It is not apparent from the face of either the complaint or the amended complaint whether plaintiff was a prisoner at the time the action was filed.

1

1  adequate medical care.  Defendants have moved to dismiss plaintiff's adequate medical care
2  claim, alleging that his complaint, on its face, does not allege a sufficient causal connection
3  between defendants' behavior and any deprivation of adequate medical care.  See Doc. No. 12.
4  The motion to dismiss is currently calendared for hearing before the undersigned on April 26,
5  2012.  Id.  Plaintiff has not filed an opposition to the motion, but has instead filed an amended
6  complaint.  See Doc. No. 15.

7         Having reviewed the record, the court has determined that oral argument would
8  not be of material assistance in determining the pending motion.  Therefore, the court will not
9  entertain oral argument, and will determine the motion on the record, including the briefing in
10  support of the motion to dismiss, and the amended complaint.  See E.D. Cal. L.R. 230(g).
11  The Amended Complaint
12         A properly filed amended complaint supersedes the original complaint.  See, e.g.,
13  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321
14  (1992); see also Sechrest v. Ignacio, 549 F.3d 789, 804 (9th Cir.2008), cert. denied sub nom.,
15  McDaniel v. Sechrest, ––U.S. ––, 130 S.Ct. 243, 175 L.Ed.2d 241 (2009) (amendment of a
16  complaint constitutes waiver of claims not carried over from previous versions of the complaint).
17  Under Federal Rule of Civil Procedure 15, a plaintiff is entitled to amend his complaint once as a
18  matter of right within 21 days of service of a defendant's Rule 12(b) motion.  See Fed. R. Civ. P.
19  15(a)(1)(B).  Under Federal Rule of Civil Procedure 6(d), three additional days are added to this
20  deadline.

21         In this case, defendants filed their Rule 12(b) motion on March 14, 2012, making
22  April 9, 2012 the deadline for plaintiff to file his amended pleading.  Plaintiff filed his first
23  amended complaint on April 6, 2012, and it is therefore timely filed under Federal Rule of Civil
24  Procedure 15(a)(1)(B).
25  \\\\\
26  \\\\\

Summary of the Amended Complaint

Plaintiff alleges that, on March 16, 2010, he was transported from Shasta County Jail to High Desert State Prison in order to serve a two-year sentence for driving under the influence. See First Amended Complaint, Doc. No. 15, ¶ 26. Plaintiff alleges that, on January 24, 2006, the Social Security Administration found him to be totally disabled, and that he had a failed cervical spine surgery on September 9, 2006. Id. at 25. Plaintiff alleges that he had been taking pain medication since his failed surgery. Id.

Plaintiff alleges that his primary care physician had advised Shasta County Jail that plaintiff was under treatment for, and had been prescribed medication for, severe pain of the spine. Id. Plaintiff also alleges that, at all relevant times, he was wearing a soft cervical neck collar because of his disability. Id. at 29.

Plaintiff alleges that he had not been provided with his prescribed medication by jail or prison authorities. Id. at 28. He alleges that his prescribed medications were not administered to him from March 15, 2010 until July 13, 2010 because his medical records had not been transported with him. Id. at 52. Plaintiff arrived at HDSP on March 16, 2010, and was transferred to CSP-Solano on May 25, 2010. Id. at 26, 50. Plaintiff alleges that he wrote to the Veterans' Administration for release of his medical information on March 23, 2010, but that his records were not sent to Solano until July 13, 2010. Id. at 49, 51.

Plaintiff alleges that, after his arrival at HDSP, he was interviewed by defendant Brooks in Brooks' office. Id. at 33. When plaintiff moved to scratch his face, defendant Parker, who was apparently in Brooks' office, grabbed plaintiff by the cervical neck collar, picked plaintiff up off his chair in a choke hold around his collar, and slammed plaintiff into the cement cinder block wall next to his chair. Id. at 35-36. Defendant Parker then walked plaintiff back to the "dummy cell" still holding plaintiff in the choke hold. Id. at 37.

Plaintiff alleges that, as a result of defendant Parker's actions, the instrumentation from his spinal surgery was loosened, that he suffered spine damage and unbearable pain, and

1  that, as a result of the increased pain, his blood pressure rose.  Id. at 43.  Plaintiff alleges that he
2  sought medical treatment after the incident, and was treated by defendant Shaw.  Id. at 47.
3  According to plaintiff, the treatment he received was not appropriate and defendant Shaw did not
4  provide plaintiff with the correct amount of prescribed medication.  Id. at 48.  Plaintiff also
5  alleges that in October 2010 he was hospitalized because of his neck injuries.  Id. at 45.
6           As defendants, plaintiff names: Sergeant Brooks, Officer Parker, Nurse Shaw,
7  Warden McDonald, High Desert State Prison, the California Department of Corrections, the
8  State of California, and Does 5 through 10.  Id. at ¶¶ 9-19.  Plaintiff seeks money damages only.
9  Id. at p. 10.
10 Discussion
11          Leave to amend a complaint which fails to state a claim should be freely granted
12 where it appears at all possible that a plaintiff can correct the defect.  See, e.g., Lopez v. Smith,
13 203 F.3d 1122, 1130-31 (9th Cir. 2000).  In this case, plaintiff's first amended complaint appears
14 to be plaintiff's attempt to correct the deficiencies raised by defendants in their motion to dismiss
15 because it includes additional allegations regarding the denial of medical care to plaintiff, and
16 identifies new defendants.  Accordingly, the court will vacate the pending motion to dismiss and
17 proceed on the amended, superseding complaint.
18          The Clerk of the Court will be directed to issue the appropriate number of
19 summonses to plaintiff for purposes of service of process.  See Federal Rule of Civil Procedure
20 4.  The court will additionally direct plaintiff to complete service of process for the first amended
21 complaint in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date
22 of this order.  Defendants will be directed either to file a motion to dismiss the first amended
23 complaint, or to answer the first amended complaint, within 21 days after service of the
24 summons.
25 \\\\\
26 \\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing scheduled for April 26, 2012 is vacated.

2. Defendants' motion to dismiss, filed March 14, 2012, is vacated.

3. The clerk of the court is directed to issue and to send to plaintiff seven (7) summonses, for defendants Brooks, Parker, Shaw, McDonald, High Desert State Prison, the California Department of Corrections, and the State of California. The Clerk shall also send plaintiff eight (8) copies of the form "Consent to Proceed Before United States Magistrate Judge" with this order.

4. Plaintiff shall complete service of process on the defendants within sixty days from the date of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the summons and complaint are served.

4. Within 21 days after service of the summons, defendants shall file either (1) a motion to dismiss the first amended complaint; or (2) an answer to the first amended complaint.

DATED: April 19, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
mont3304.8.feeattyII.wpd