IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GENE MONTGOMERY,

        Plaintiff,                             No. CIV S-11-3304 GGH P

   vs.

SGT. BROOKS, et al.

        Defendants.                ORDER

_____/

       On April 19, 2012, this court ordered the Amended Complaint served on defendants, including Correctional Officer Parker. Doc. No. 16. On May 1, 2012, defendant Parker filed a Notice of Bankruptcy Filing with the court, advising that he had filed a petition for relief under chapter 7 of title 11 on May 1, 2012. Doc. No. 20. On May 11, 2012, the court ordered the action stayed against defendant Parker, vacated the then-scheduled hearing on defendants' motion to dismiss, and directed the parties to show cause why the action should not be stayed against all remaining defendants. Doc. No. 21. Defendants responded to the order to show cause on May 25, 2012; plaintiff did not file a response. See Doc. No. 28.

       Upon review of the defendants' response and the record in this case, the court will discharge the order to show cause, and maintain the stay as to defendant Parker only. Generally, "in the absence of special circumstances," a stay under 11 U.S.C. § 362 stays actions only against

1

the debtor.  See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987).  Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.  See Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995).

Defendants argue that the claims against defendant Parker may be segregated:

> The claims against Brooks and the remaining Defendants are different from the claims against Parker.  Moreover, a finding a liability against any other Defendant does not automatically result in a finding of liability as to Parker.  See Taylor v. List, et al., 880 F.2d 1040, 1045 (9th Cir. 1989); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no vicarious or respondeat superior liability in civil rights cases.
> Parker is the only defendant alleged to have assaulted Montgomery.  Sgt. Brooks is alleged to have looked on while Parker assaulted Montgomery, however, his defense is not inextricably intertwined with Parker's.  He may be able to argue that he did not see the alleged assault or that he could not act from his position to prevent it.  On the other hand, he can argue that no assault occurred.
> Furthermore, neither Warden McDonald's defense nor Nurse Shaw's….are dependent on Parker's participation in the litigation.  Nurse Shaw's defense to the claim that she denied medical care to Montgomery is completely independent of the alleged unlawful use of force.  The same is true of the allegation that Warden McDonald failed to train and or supervise Parker and Brooks.

Doc. No. 28 at 2-3.

The court agrees with defendants that the claims are sufficiently distinct between each defendant so that their defenses are not inextricably intertwined, because, in an action under 42 U.S.C. § 1983, each defendant must have personally participated in a deprivation of plaintiff's rights in order to be liable.  See e.g., Jones v. Williams, 297 F.3d at 934; cf. Lewis v. Russell, 2009 WL 1260290 *3 (E.D.Cal. May 7, 2009) (in CERCLA case, action could not proceed against non-debtor defendants where court would be required to allocate debtors' portion of liability in order to determine non-debtor defendants' portions of liability).  No parties have alleged that special circumstances exist to warrant an extension of the stay, such as an identity of interests between the debtor and a non-debtor defendant, and this court is not aware of any.  See, e.g., In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007), cert. denied, 553 U.S.

1017, 128 S.Ct. 2080 (2008). Accordingly, the court finds that the action may proceed against the remaining defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action remains stayed against defendant Officer Parker so long as the automatic stay is in place in defendant Parker's chapter 7 case, see 11 U.S.C. § 362(c)(2); the action shall proceed against the remaining defendants;

2. The order to show cause, filed May 11, 2012, is discharged;

3. The hearing scheduled for July 19, 2012 shall proceed as scheduled, at which time the court shall consider the motions to dismiss filed by defendants on April 27, 2012 (Doc. No. 19) and June 6, 2012 (Doc. No. 29); and

4. Plaintiff's response(s) to the defendants' motions to dismiss remains due under the scheduled established by the Federal Rules of Civil Procedure and this court's Local Rules.

DATED: June 28, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/rb
mont3304.ord